## UNITED STATES v. JUNG YOU.

(District Court, E. D. Pennsylvania. October 11, 1916.)

No. 2.

1. ALIENS ⬅➡32(5)—DEPORTATION—BURDEN OF PROOF.

In a proceeding for the deportation of an alien, the burden of establishing his right to remain in the country is imposed on the alien by reason of the practical necessities of the case.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. ⬅➡32(5).]

2. ALIENS ⬅➡32(8)—DEPORTATION—CHINESE PERSONS—EVIDENCE.

In a proceeding for the deportation of defendant, a Chinese person, on the theory that he was unlawfully within the country, evidence *held* to establish that defendant was lawfully within the country and to show that the order for his deportation was improper.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84; Dec. Dig. ⬅➡32(8).]

Proceedings by the United States against Jung You for his deportation. From an order of the Commissioner directing deportation of defendant, he appeals. Order revoked, and defendant directed released.

Edwin S. Kremp, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa.

Frank G. Butler, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. [1] The duty of the court to give effect to the policy declared in and sought to be enforced by the acts of Congress, which apply to this case, is recognized. At the same time, no one can shut his eyes to the wrong done a defendant who is, through an error of judgment of the facts, ordered to be deported. The difficulties which encompass a searcher for the truth are many and obvious. The burden placed upon defendants in such cases is without doubt a heavy one, but it is justified by the practical necessities. Heavy as it is, the defendant must meet it, and the only question in the case is: Has this defendant done so? Such a question divides itself into several minor ones. Is there evidence to support a finding of the required fact? Does the evidence, if credited, justify such finding? It is admitted that these latter questions must be answered affirmatively. There is evidence which, if given credence, establishes the fact. The query then shifts and partakes of a somewhat different and negative form: Is there anything in the case to justify disbelief or to support a refusal to give it credence? A multitude of smaller questions at once arise. The attitude of a mind intent upon getting

at the truth is described in the request, "Tell me all about the case and everything bearing upon the question." One helpful fact is how the question came to arise, because this involves the degree of the strength of the proofs which may properly be exacted. Every one upon whom a burden of proof rests may fairly be required to produce, not only evidence, but the best evidence, which he could reasonably be expected to supply.

[2] We learn, in this case, that two men, known as Chinamen, left the ship upon which they came to this country as part of the crew. In the search for them the defendant was found and was taken into custody as one of the deserters. Had he been one of them and resisted deportation by the assertion of American birth, the most clear and convincing proofs might have been very properly required of him. All suspicion even of this is out of the case, and the proceeding against him has been turned into a test of his ability to prove his right to remain in this country. This test he must meet, and the question recurs of whether he has done so successfully. American birth would naturally raise the expectation of his presence here, if not for his whole life, at least for some part of it. If the fact of birth here was the only fact averred, the proof to be convincing must be clear or accompanied with some satisfying explanation of the fact of absence. If both birth and continuous residence here were averred, technical fullness of proofs of the fact of birth might not be exacted, but satisfying evidence of residence would be expected and demanded. This demand for fullness and clearness in the proofs would be strong for the later years, but would properly lessen as the time receded. The very character of the evidence adduced might challenge our credulity and justify disbelief. If a man charged with surreptitious entrance within the past two or three years defended deportation proceedings by averring that he was born and had lived all his life in America, and the only credible witnesses he was able to produce had known him to be here for but two years, credence might be refused to his claim of birth in spite of the fact that he offered the positive and direct testimony of those who said they were present and eye witnesses of the physical fact of his birth. The reason for the disbelief would lie in the fact that the proofs were significantly weak where they could reasonably be expected to be strong, and suspiciously strong where they would be expected to be weak.

No such reason exists for discrediting the defense set up in this case. The defendant has shown by evidence admittedly convincing his continuous residence here for half a generation. The fact of his birth has been attested in the only way short of the production of an official record in which such a fact can be established, and the absence of an official record is accounted for by the fact that its production is admittedly impossible. To deny credence to evidence which carries conviction is merely to refuse to believe, and the refusal is neither softened nor justified by demanding a kind of proof which admittedly is beyond the possibility of production. Truth which is to be discovered from the testimony of witnesses and other evidence is to be found by following the conscientious convictions of the tribunal which passes upon the testimony.

The Commissioner followed his convictions in issuing the order of deportation, and by the like command we follow ours in sustaining the appeal, revoking the order, and directing that the defendant be released from custody.